UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC,<br><br>  Plaintiff(s),<br><br>   v.<br><br>PARK BONANZA EAST TOWNSHOUSE OWNERS ASSOCIATION, INC.,<br><br>  Defendant(s). | Case No. 2:19-CV-968 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Ditech Financial LLC's ("Ditech") motion to reinstate litigation. (ECF No. 25). Defendant Park Bonanza East Townhouse Owner's Association, Inc. ("the HOA") filed a response (ECF No. 27), to which Ditech replied (ECF No. 30).

Also before the court is the HOA's countermotion to stay the case. (ECF No. 28). Ditech filed a response (ECF No. 31), to which The HOA replied (ECF No. 34).

Also before the court is the HOA's motion to enforce settlement. (ECF No. 29). Ditech filed a response (ECF No. 33), to which the HOA replied (ECF No. 35).

**I.   Background**

The instant suit involves a dispute over real property located at 3818 Surfrider Lane, Las Vegas, Nevada 89110. (ECF No. 9 at 1). On May 18, 2005, Rigoberto Peralta (the "borrower") obtained title to the property. (ECF No. 1 at 3). The borrower obtained a loan in the amount of $89,240.00 from Bank of America and executed a promissory note and deed of trust to secure repayment. *Id.* at 4. Subsequently, Freddie Mac acquired ownership of the loan from Bank of

James C. Mahan
U.S. District Judge

1  America. *Id.* Through a series of assignments, Ditech acquired the Deed of Trust on July 25, 2016. *Id* at 5.

On November 16, 2012, the HOA conducted a foreclosure sale against the property resulting from the owner's failure to pay assessments. *Id.* at 7. The property reverted to the HOA after no third-party bidders attended the sale. *Id.*

On April 15, 2016, the HOA and Ditech's predecessor in interest began Alternative Dispute Resolution ("ADR") proceedings with the Nevada Real Estate Division ("NRED"). (ECF No. 12 at 4). In September 2018, the claim was assigned to a mediator. *Id.* After mediation discussions from October to December 2018, the NRED closed the claim on December 19, 2018, after the parties failed to reach a resolution. *Id.*

On June 6, 2019, Ditech filed the instant complaint. (ECF No. 1). The parties then filed a notice of settlement on November 1, 2019, stating they intended to reach a final settlement agreement by January 1, 2020. (ECF No. 21). On April 29, 2020, Ditech filed a motion to reinstate litigation after the parties failed to reach a final settlement agreement. (ECF No. 25). On May 13, 2020, the HOA moved to enforce the settlement and stay the case pending adjudication of that motion. (ECF Nos. 28; 29).

**II.     Legal Standard**

*A. Motion to Reinstate Litigation*

Courts have broad discretion in managing their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

*B. Motion to Stay*

Courts have discretionary power to control discovery. *See, e.g., Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, a party seeking to

**James C. Mahan**
**U.S. District Judge**

- 2 -

stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g., Turner Broad. Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to grant a stay of discovery, the court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay,* 278 F.R.D. at 602–03.

Courts in this district have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See id.*

*C. Motion to Enforce Settlement*

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). For an enforceable contract, basic contract principles require "an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 121 Nev. 668, 672 (2005). "A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite." *Id.* "In the case of a settlement agreement, a court cannot compel compliance when the material terms remain uncertain. The court must be able to ascertain what is required of the respective parties." *Id.* (internal citations omitted). However, if the parties agree to the material terms of a contract, a contract can be formed "even though the contract's exact language is not finalized until later." *Id.*

**III.     Discussion**

As an initial matter, the HOA requested a stay pending adjudication of its motion to enforce settlement. This order's adjudication of that motion renders the motion to stay moot, and the court denies it accordingly.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     *A. Motion to Enforce Settlement*

2     All pending motions in this case are predicated on the purported settlement between the
3 parties in November 2019.  (ECF No. 21).  Granting the HOA's motion to enforce the settlement
4 necessarily moots Ditech's motion to reinstate litigation, while granting Ditech's motion moots
5 the motion to enforce settlement.  Ruling on either of those motions requires the court to
6 determine if the purported settlement was valid.  Therefore, the court will adjudicate the HOA's
7 motion to enforce the settlement to dispose of all pending motions.

8     In Nevada, "basic contract principles require . . . an offer and acceptance, meeting of the
9 minds, and consideration."  *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  Public policy
10 encourages settlement of disputes, therefore agreements to settle should not be easily set aside.
11 *Redrock Valley Ranch, LLC v. Washoe Cnty.*, 254 P.2d 641, 648 (Nev. 2011).

12    There is no dispute that the parties filed a notice of settlement on November 1, 2019, but
13 there is dispute over the terms of that purported settlement.  On October 31, 2019, the parties
14 agreed to two material terms of the settlement: Ditech would pay the HOA $10,000 and, in
15 exchange, take ownership of the property from the HOA by January 1, 2020.  (ECF No. 29-2).
16 This agreement was memorialized in a draft long-form settlement agreement sent to the HOA on
17 December 2, 2019.  *Id.* at Ex. 4.  The HOA then returned a second draft with its own revisions
18 ("the red-line draft") sometime prior to February 14, 2020.  (ECF No. 29-5).  Ditech returned a
19 subsequent draft to the HOA before correspondence indicates the negotiations ended.  (ECF Nos
20 29-6; 29-7; 29-8).

21    The red-line draft inserted a term requiring the Federal Housing Finance Agency
22 ("FHFA") to consent to a foreclosure on the property and added the FHFA as a party to the
23 agreement.  ECF No. 29-6).  It also required SLS, the servicer holding claim to the property at
24 the time, to warrant it was the only entity that held claims to the property.  *Id*.

25    Statutes explain that a loan servicer acting on behalf of Freddie Mac is not the only entity
26 holding claim to a property.  Freddie Mac, and through conservatorship, the FHFA, also have
27 claim to the property through the servicer.  Indeed, "[n]o property of [FHFA] shall be subject to
28 levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3). Ditech was the
2   contractually obligated servicer acting on behalf of Freddie Mac. (ECF No. 9 at 3). Pursuant to
3   the Housing and Economic Recovery Act of 2008 ("HERA"), the FHFA held "all rights, titles,
4   powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i).
5   Therefore, three entities beyond SLS held claims to the property in question by statute. SLS
6   could not, as a matter of law, disclaim these entities' interests. *See Berezovsky v. Moniz*, 869
7   F.3d 923, 929, 931 (9th Cir. 2017).

8   While the parties may have agreed to price and to a timeline, there were material terms
9   that they did not agree to, namely, the parties that needed to sign the agreement. In order for the
10  court to enforce a contract, it must be "founded upon an ascertainable agreement." *Smith v.*
11  *Recrion Corp.,* 541 P.2d 663, 664–65 (Nev. 1975). Here, there is no ascertainable agreement
12  because it is not clear what parties must be bound to it. The parties disagree about the necessary
13  signatories to the contract and the court will not step in to create a term that does not exist in the
14  agreement. Since there is no agreement as to the material terms of the contract, there is no
15  meeting of the minds. *See May*, 1254 P.3d at 1257

16  Since the court has determined the parties never reached a meeting of the minds
17  concerning the settlement agreement, the court denies the HOA's motion to enforce settlement.
18  Therefore, the court grants Ditech's motion to reinstate litigation in light of the parties' failure to
19  settle.

20  *B. The HOA's Motion to Dismiss*

21  On August 5, 2019, the HOA filed a motion to dismiss Ditech's complaint. (ECF No. 9).
22  Ditech filed a response (ECF No. 12), to which the HOA replied (ECF No. 20). Because of the
23  parties' notice of settlement (ECF No. 21), this court denied the motion to dismiss as moot on
24  March 23, 2020. (ECF No. 24). The court has determined the parties did not settle. *See supra.*
25  In light of this determination, the court vacates its prior order and will now adjudicate the motion
26  to dismiss.

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

*1. Declaratory Relief*

As an initial matter, the court dismisses Ditech's claim for declaratory relief. Declaratory relief is a remedy that the court may grant after Ditech has established and proven its case. It is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also* Nev. Rev. Stat. § 30.030; *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989). Therefore, the court will dismiss Ditech's first cause of action. This dismissal does not preclude the court from awarding declaratory relief if Ditech prevails on its underlying quiet title claim.

*2. Statute of Limitations*

The HOA claims that Ditech is unable to bring any civil claims because the statute of limitations has run. (ECF No. 9). Ditech responds that mediation proceedings—that lasted more than two years—tolled the statute of limitations such that the complaint is timely. (ECF No. 12).

The parties underwent mediation from April 15, 2016, to December 19, 2018. (ECF No. 12 at 4). Ditech subsequently filed the instant suit on June 6, 2019. (ECF No. 1).

NRS 38.350 expressly tolls the statute of limitations applicable to plaintiff's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350.

Because the court dismissed Ditech's cause of action for declaratory relief, the only remaining claim is a quiet title claim. *See supra*. NRS 38.310 provides, in relevant part, that civil actions are barred from judicial consideration "unless the action has been submitted to mediation." Nev. Rev. Stat. § 38.310(1). A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.,* 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's request for quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court held that, while the other claims for relief were

James C. Mahan
U.S. District Judge

- 6 -

properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3) and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

Because quiet title claims are exempt from NRS 38.310, and thus not subject to mediation, they are also exempt from NRS 38.350's tolling of the statute of limitations. *See id.* Therefore, Ditech's argument that the statute of limitations tolled for over two years during the mediation process is incorrect. (ECF No. 12). As a matter of law, Ditech filed its complaint six years, six months, and twenty-one days after the foreclosure sale, nearly seven months past the longest of the myriad of statutes of limitations it argues could be applicable. (*Compare* ECF No. 1 (Ditech's complaint filed on June 6, 2019) *with* ECF No. 12 at 6 (Ditech's assertion that the sale occurred on November 16, 2012)).

Because of this, the court need not consider any of the alternative—shorter—statutes of limitations Ditech presents. (*See* ECF No. 12). Ditech's complaint was untimely under even the most generous statute of limitations it argues—the six-year statute of limitations for contract claims under 12 U.S.C. § 4617(b)(12). Further, the court need not address the HOA's claims under the doctrines of laches or unclean hands. (*See* ECF No. 9). These arguments are inapplicable when Ditech has failed to bring a timely claim. The court dismisses Ditech's claims.

When a plaintiff's claim is dismissed because the allegations of jurisdiction are defective, it is ordinarily entitled to cure those defects by amendment. 28 U.S.C. § 1653. For that reason, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citation omitted).

Here, the complaint is untimely. No prospective amendment can change the fact that Ditech failed to file its claim in a timely manner. For that reason, this court dismisses Ditech's complaint with prejudice.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ditech's motion to reinstate litigation (ECF No. 25) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the HOA's motion to stay the case (ECF No. 28) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the HOA's motion to enforce settlement (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this court's order denying the HOA's motion to dismiss (ECF No. 24) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Ditech's complaint (ECF No. 1) be, and the same hereby is, DISMISSED, with prejudice.

DATED July 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -